Justice PLEICONES.
I respectfully dissent. I agree with the majority that there is no meaningful difference between the two versions of S.C.Code Ann. § 16-25-90.[4] I nonetheless disagree with the majority’s interpretation of the trial judge’s use of the word “compelled.” In my view, the trial judge’s use of the word reflects his determination that the evidence presented by Hawes, which included reported instances of criminal domestic violence and a history of mutual physical abuse, was credible. Thus, it is my view, the trial judge determined based upon the weight of the credible evidence that he was compelled to find § 16-25-90 applied, and that Hawes was eligible for early parole.[5] To the extent the majority finds legal error based on the trial judge’s failure to exercise discretion, I disagree. The trial judge, in granting Hawes early parole eligibility, noted “this is a close case” and that “reasonable minds could certainly disagree with the court’s finding.” Such language makes clear to me that the trial judge exercised his discretion in determining that Hawes was entitled to early parole eligibility. Accordingly, I would dismiss certiorari as improvidently granted.
BEATTY, J., concurs.

. Compare S.C.Code Ann. § 16-25-90 (2003) ("[A]n inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member shall be eligible for parole after serving one-fourth of his prison term when the inmate ... presents] credible evidence of a history of criminal domestic violence ... suffered at the hands of the household member.”), with S.C.Code Ann. § 16-25-90 (Supp.2013) ("[A]n inmate ... is eligible for parole....”).

. The trial judge’s order states that he was "compelled to find that the Defendant [Hawes] has met his burden.”